IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

STACY MELISSA ADKINS                                                                                  PLAINTIFF

V.                              NO. 2:16-cv-02164-PKH-MEF

NANCY A. BERRYHILL,
Acting Commissioner, Social Security Administration[1]                          DEFENDANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Stacy Melissa Adkins, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claim for Supplemental Security Income ("SSI") under the provisions of Title XVI of the Social Security Act ("Act").  42 U.S.C. § 1382.  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

**I.    Procedural Background:**

Plaintiff filed her application for SSI on April 1, 2014, alleging disability beginning March 20, 2013, due to Lyme disease and back problems.  (ECF No. 12, pp. 72, 237).  An administrative hearing was held on February 25, 2015, at which Plaintiff appeared with counsel and testified.  (ECF No. 12, pp. 84-111).

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit.  No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

On April 24, 2015, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI. (ECF No. 12, pp. 69-79). In this decision, the ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since April 1, 2014, her application date. (ECF No. 12, p. 74, Finding 1). The ALJ determined Plaintiff had the following severe impairments: Lyme disease; degenerative disc disease of the lumbar spine with bulging disc at L5-S1; and, anxiety. (ECF No. 12, p. 74, Finding 2). Despite being severe, the ALJ determined these impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Part 404 ("Listings"). (ECF No. 12, pp. 74-75, Finding 3).

The ALJ then considered Plaintiff's Residual Functional Capacity ("RFC"). (ECF No. 12, pp. 75-77, Finding 4). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform "light work as defined in 20 C.F.R. § 416.967(b), except simple tasks with simple instructions." *Id.* The ALJ determined Plaintiff was unable to perform her Past Relevant Work ("PRW"). (ECF No. 12, pp. 77-78, Finding 5). Based on Plaintiff's age, education, work experience, and RFC, the ALJ determined there were jobs that exist in significant numbers in the national economy that Plaintiff could perform, such as a housekeeper cleaner, movie theater attendant, and photo finishing counter clerk. (ECF No. 12, pp. 78-79, Finding 9). The ALJ, therefore, determined Plaintiff had not been under a disability, as defined by the Act, from April 1, 2014, Plaintiff's application date, through April 24, 2015, the date of the ALJ's decision. (ECF No. 12, p. 79, Finding 10).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied her request on June 10, 2016. (ECF No. 12, pp. 5-9). On July 11, 2016, Plaintiff filed the

present appeal with this Court.  (ECF No.1).  Both parties have filed appeal briefs, and the case is before the undersigned for report and recommendation.  (ECF Nos. 13, 14).

## II.     Applicable Law:

This court's role is to determine whether substantial evidence supports the Commissioner's findings.  *Vossen v. Astrue*, 612 F.3d 1011, 1015 (8th Cir. 2010).  Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *Teague v.* Astrue, 638 F.3d 611, 614 (8th Cir. 2011).  We must affirm the ALJ's decision if the record contains substantial evidence to support it.  *Blackburn v. Colvin,* 761 F.3d 853, 858 (8th Cir. 2014).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently.  *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015).  In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision.  *Id*.

A claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity.  *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § 1382c(a)(3)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 1382c(a)(3)(D).  A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

3

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. 20 C.F.R. § 416.920(a)(4). Only if she reaches the final stage does the fact finder consider the Plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982), *abrogated on other grounds by Higgins v. Apfel*, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. § 416.920(a)(4)(v).

**III.    Discussion:**

Plaintiff raises two issues on appeal: 1) the ALJ failed to properly analyze the credibility of Plaintiff's subjective complaints and testimony based on *Polaski*; and, 2) the ALJ's RFC determination is not supported by the substantial evidence in the record as a whole.

**A.    Subjective Complaints and Credibility Analysis**

The ALJ is required to consider all the evidence relating to Plaintiff's subject complaints, including: 1) Plaintiff's daily activities; 2) the duration, frequency, and intensity of her pain; 3) precipitation and aggravating factors; 4) dosage, effectiveness, and side effects of her medication; and, 5) function restrictions. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). In so doing, the ALJ must also consider the claimant's prior work record, observations made by third parties, and the opinions of treating and examining physicians." *Polaski*, 739 F.2d at 1322.

An ALJ may not discount the Plaintiff's subjective complaints solely because the medical evidence fails to support them. *Id.* However, "[a]n ALJ . . . may disbelieve subjective reports because of inherent inconsistencies or other circumstances." *Wright v.* Colvin, 789 F.3d 847, 853 (8th Cir. 2015) (citing *Travis v. Astrue*, 477 F.3d 1037, 1042 (8th Cir. 2007) (quotation and citation omitted)). The Eighth Circuit has observed, "[o]ur touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003).

In the present case, the ALJ did not comply with the requirements of *Polaski*. Instead of considering the *Polaski* factors, the ALJ only focused on Plaintiff's medical records. (ECF No. 12, pp. 75-77). Further, although the ALJ acknowledged his duty, "whenever statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, [to] make a finding on the credibility of the statements based on a consideration of the entire case record," he never applied the law set forth in *Polaski* to the facts in Plaintiff's case. (ECF No. 12, p. 76). Instead, he supported his RFC determination with medical evidence alone and stated the following:

> In this particular case, [Plaintiff] has not demonstrated any loss of fine dexterity, nor has she demonstrated the inability [sic] to sit for long periods of time. Moreover, the physical examinations have generally been within normal limits and do not indicate any loss of use or limitation in the upper extremities.
>
> . . .
>
> [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision.
>
> . . .
>
> She alleged at the hearing that she has difficulty trying to tie her shoes and pouring a glass of milk. However, there is nothing in the medical records that supports her allegations.

(ECF No. 12, p. 77).

5

The Court finds the ALJ's decision to discount Plaintiff's subjective complaints without a sufficient basis was improper under *Polaski*, 739 F.2d at 1322 (holding a claimant's subjective complaints cannot be discounted "solely because the objective medical evidence does not fully support them [the subjective complaints]"). Accordingly, because the ALJ provided no valid reason for discounting Plaintiff's subjective complaints, this case must be reversed and remanded.

### B. ALJ's RFC Determination and Development of the Record

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 416.945. A disability claimant has the burden of establishing his or her RFC. *Vossen v. Astrue,* 612 F. 3d 1011, 1016 (8th Cir. 2010). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010); *Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. §§ 416.945(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Miller v. Colvin*, 784 F.3d 472, 479 (8th Cir. 2015) (citing *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. *Perks v. Astrue*, 687 F.3d 1086, 1092 (8th Cir. 2012).

The ALJ determined one of Plaintiff's severe impairments was degenerative disc disease of the lumbar spine with a bulging disc at L5-S1. (ECF No. 12, p. 74). An MRI of Plaintiff's lumbar spine on May 13, 2014, showed disc degeneration at L5-S1 with a small right posterolateral disc protrusion which abuts and slightly displaces the passing right S1 nerve root. (ECF No. 12, pp. 292, 319, 330-32). On September 15, 2014, a nurse practitioner made the following notes:

> Stopped PT states the traction caused more pain than what she did have. States she did not want to get injections due to the side effects she has heard about, states she heard about spinal headaches so she is very concerned about trying this.
>
> Would like referral to Dr. Armstrong in NW Arkansas and is thinking about the laser spine surgery . . .
>
> She is having issues with feeling in her right leg and feels that this is something that gets worse with time.

(ECF No. 12, p. 355). Plaintiff visited the Northwest Arkansas Neuroscience Institute on November 4, 2014, where she was diagnosed with lumbar degenerative disc disease and a bulging lumbar disc. (ECF No. 12, pp. 312-14, 324-29). A physical examination revealed tenderness to palpation in Plaintiff's lumbar spine at levels L4-5 and L5-S1, restricted and painful flexion and extension, and positive signs on straight leg tests bilaterally. (ECF No. 12, p. 328). Plaintiff was given a lumbar transforaminal epidural steroid injection so she could tolerate her physical therapy. (ECF No. 12, p. 326). Records from Mercy Hospital Fort Smith on March 30, 2015, indicate Plaintiff told her provider that the injection in her back did not help, that physical therapy worsened her symptoms, and that she was seeing a chiropractor with some positive results. (ECF No. 12, p. 360). The ALJ noted that Plaintiff's back problems were chronic and did not improve over time with conservative treatment. (ECF No. 12, p. 76).

The ALJ rejected the findings of the non-examining state agency consultants. (ECF No. 12, pp. 76-77). The non-examining state agency consultants each determined Plaintiff could occasionally lift and carry fifty pounds, frequently lift and carry twenty-five pounds, and could sit, stand, or walk, about six hours in an eight hour work day. (ECF No. 12, pp. 112-128). The ALJ determined that, based on the other evidence in the record, Plaintiff was more limited than determined by the non-examining state agency consultants. (ECF No. 12, pp. 76-77). The ALJ stated as follows:

> She continues to have some low back pain and neck pain. The undersigned [the ALJ] has concluded that she can lift and carry up to twenty pounds occasionally and ten pounds frequently. She can stand and walk at least six hours per eight-hour day and sit for at least six hours per eight-hour day.

(ECF No. 12, p. 76). The ALJ, however, never asked one of Plaintiff's treating physicians or another physician to perform a consultative examination of Plaintiff and provide a medical opinion regarding Plaintiff's ability to perform work-like tasks "day in and day out, in the sometimes competitive and stressful conditions in which real people work in the real world." *McCoy v. Schweiker*, 683 F.2d 1138, 1147 (8th Cir. 1982).

The ALJ did not have before him sufficient medical evidence to determine whether Plaintiff was disabled. The ALJ gave no weight to the opinions of the non-examining state agency physicians, discredited Plaintiff's testimony regarding her own limitations, and decided not to seek the opinion of one of Plaintiff's treating physicians or another examining consultative physician. The ALJ's determination in this case, that Plaintiff could perform unskilled work at the light exertion level with no further limitations, is tantamount to the ALJ "playing doctor," a practice forbidden by law. *Pate-Fires v. Astrue*, 564 F.3d 935, 947 (8th Cir. 2009), citing *Rohan v. Chater*, 98 F.3d 966 (7th Cir. 1996) ("ALJs must not succumb to the temptation to play doctor and make their own independent medical findings"). The ALJ's error with regard to his RFC determination is, therefore, predicated on a failure to fully and fairly develop the record.

The ALJ owes a duty to a claimant to develop the record fully and fairly to ensure his decision is an informed decision based on sufficient facts. *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004). The ALJ is not required, however, to function as the claimant's substitute counsel, but only to develop a reasonably complete record. *Whitman v. Colvin*, 762 F.3d 701, 707 (8th Cir. 2014) (quoting *Clark v. Shalala*, 28 F.3d 828, 830-31 (8th Cir. 1994)). While "[a]n ALJ should recontact a treating or consulting physician if a critical issue is undeveloped," "the ALJ is required

to order medical examinations and tests only if the medical records presented to him do not give sufficient medical evidence to determine whether the claimant is disabled." *Johnson v. Astrue*, 627 F.3d 316, 320 (8th Cir. 2010) (quotation, alteration, and citation omitted).

In the present case, the ALJ failed to fully and fairly develop the record. As mentioned above, the record contains references to Plaintiff having attended physical therapy sessions and appointments with a chiropractor. (ECF No. 12, pp. 326, 355, 360). Records from those treating sources are relevant to Plaintiff's application and they were not obtained at the administrative level. The Court also finds that, while substantial evidence supports that Plaintiff was more limited than opined by the non-examining state agency consultants, the ALJ did not have before him sufficient medical evidence to determine Plaintiff's RFC. The ALJ relied on the treatment notes of Plaintiff's healthcare providers, but the notes themselves offer no opinion or insight into Plaintiff's ability to perform work-like tasks "day in and day out, in the sometimes competitive and stressful conditions in which real people work in the real world." Accordingly, because the ALJ failed to fully and fairly develop the record, this case must be reversed and remanded.

**IV. Conclusion:**

Based on the foregoing, the ALJ should, on remand, be ordered to send Plaintiff for a consultative orthopedic examination, and the examiner should provide a Medical Source Statement and RFC Assessment of Plaintiff with specific findings as to Plaintiff's ability to sit, stand, walk, carry, lift, and to perform all the other tasks Plaintiff may be expected to perform during an eight hour work day. The examiner should be provided with all records from Plaintiff's case relevant to his or her evaluation of Plaintiff. Upon receipt of the examiner's report, Plaintiff shall then be given the opportunity to appear and testify at a new administrative hearing regarding her application for benefits.

The ALJ should then return to step three of the sequential evaluation process and determine whether any of Plaintiff's medically determinable impairments, either alone or in combination, meet or medically equal the criteria of an impairment in the Listings.  Should the ALJ then determine Plaintiff's impairments or the combination of impairments are not of a severity to meet or medically equal the criteria of an impairment in the Listings, he should reconsider and determine Plaintiff's RFC.  The ALJ should procure the expert testimony of a VE and present to him or her a hypothetical question which includes those impairments that the ALJ finds are substantially supported by the record as a whole and are indicated in the ALJ's RFC determination.

Accordingly, having carefully reviewed the record, the undersigned finds that the ALJ's decision is not supported by substantial evidence, and therefore recommends that the denial of benefits to Plaintiff be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

**The parties have fourteen (14) days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 20th day of July, 2017.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE